UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GREGORIO AMADOR, et al.,

        Plaintiffs,

v.  No. 5:17-cv-683-JKP

BRIAN WOLFE, et al.,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Before the Court are motions for summary judgment filed by Defendants Laurence Diamond ("Diamond") (ECF No. 80) and Brian Wolfe ("Wolfe") and Manuel Herrera ("Herrera") (ECF No. 81). Plaintiffs responded to the motions and Defendants replied (ECF Nos. 83, 84, 86, 87). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. Upon due consideration of the briefs, the record, and the relevant law, the Court concludes the motions for summary judgment shall be GRANTED.

## BACKGROUND

This Court's order is preceded by several orders issued by the Honorable Orlando L. Garcia dismissing certain claims and defendants. Chief Judge Garcia's orders detail the facts alleged and claims brought by the Defendants in this case. *See* ECF Nos. 38, 60. In short, this case arises out of a no-knock warrant that Plaintiffs allege was executed with excessive force. *See generally*, ECF No. 42. Defendants challenge the remaining claims in this case, which are predicated on allegations that officers choked Amador—the subject of the search—and conducted an unauthorized body cavity search upon him and stepped on Baby Amador's head and hair during the unreasonably violent apprehension of the subject. *See* ECF Nos. 42, 80, 81.

## LEGAL STANDARD

The Court will grant summary judgment if the record shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate competent summary judgment evidence "showing that there is a genuine [dispute] for trial." *Adams*, 465 F.3d at 164; *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). The parties may satisfy their respective burdens by "tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

When ruling on a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods.*, *Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55. However, when the nonmoving party fails "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider

the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). "The court also considers 'evidence supporting the moving party that is uncontradicted and unimpeached.'" *Gordon v. Acosta Sales & Mktg.*, *Inc.*, No. SA-13-CV-662-XR, 2014 WL 7339117, at *3 (W.D. Tex. Dec. 22, 2014), *aff'd*, 622 F. App'x 426 (5th Cir. 2015) (quoting *Reeves*, 530 U.S. at 151).

When the movant asserts a qualified immunity defense, that assertion "alters the usual summary judgment burden of proof." *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010). In the context of summary judgment, governmental employees need only assert the defense in good faith. *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). They have no burden "to put forth evidence to meet [their] summary judgment burden for a claim of immunity." *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633-34 (5th Cir. 2000). Once a governmental employee "invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

## DISCUSSION

### A. Defendants Wolfe and Herrera

Federal Rule of Civil Procedure 36 allows parties to serve requests for admissions. "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(3). "A matter admitted under [Rule 36] is conclusively

3

established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

On August 5, 2019, Defendant Wolfe timely served Plaintiffs with requests for admission. *See* ECF Nos. 68; 81-5 at 13-14. Plaintiffs did not answer the requests for admissions, move to withdraw the admissions, or address the deemed admissions argument in Wolfe and Herrera's motion for summary judgment. *See* ECF Nos. 81 at 7; 84. Accordingly, Amador's admissions must stand.

Requests nine and eleven asked Amador to admit that the clear package depicted in certain photographs contained heroin and was found on Amador's person on July 29, 2015, at his home in San Antonio, Texas. ECF No. 81-5 at 15. Request number twelve asked Amador to admit that when Bexar County Sheriff Deputies asked Amador to remove his shorts, he refused. *Id*. Requests fifteen and sixteen asked Amador to admit that the deputies did not probe Amador's anus with any part of their bodies nor with any object. *Id*. at 16. Requests seventeen and nineteen asked Amador to admit that the referenced plastic bag was visible from the top of his buttocks and did not penetrate his anus. *Id*. Requests twenty-three and twenty-four asked Amador to admit that Wolfe and Herrera alone performed the search at issue. *Id*. Given these admissions, Amador cannot establish an excessive force claim with respect to the alleged cavity search because the deemed admissions conclude that the search did not occur as alleged.

Although the Court recognizes Amador presented evidence to support his contention that a body cavity search occurred[1], the text of Rule 36 and Fifth Circuit precedent prevent the Court from considering evidence that contradicts the deemed admissions. "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted." *In re Carney*, 258 F.3d

---

[1] The officers' body camera video recordings and the notation on the Order of Dismissal issued in the criminal case, which states: "Body cavity search was conducted [without] any evidence that [Defendant] was in possession of narcotics. Search warrant [at] home of [Defendant] did not authorize body cavity search of [Defendant]." ECF No. 42-1 at 21.

4

415, 420 (5th Cir. 2001) (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)). Therefore, "they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id*. *See also Hernandez v. Smith*, 793 F. App'x 261, 263, 267 (5th Cir. 2019) (per curiam) (The Fifth Circuit noted that "litigation missteps" including "failing to respond to requests for admission" led to the district court's grant of summary judgment pursuant to Rule 36 and the affirmance of that decision. "Unfortunately for the Plaintiffs, counsel's mistakes below carry serious consequences that cannot be cured on appeal."). Accordingly, the Court grants summary judgment in favor of Wolfe and Herrera.

**B. Defendant Diamond**

Amador and his child (Baby Amador) bring excessive force claims against Diamond. Amador alleges Diamond choked him, handcuffed him, and dragged Amador from his bedroom to the living room of his home. ECF No. 42 at 6-8. Baby Amador alleges Diamond jumped on her head and stood on her hair "as she yelled and screamed in pain." *Id*. at 6. Diamond asserts qualified immunity. ECF No. 80 at 9.

To state a federal civil rights claim, a plaintiff must allege a specific defendant, while acting under color of state law, deprived her of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person acts under color of state law if he misuses power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Bustos v. Martini Club*, 599 F.3d 458, 464 (5th Cir. 2010) (quoting *West*, 487 U.S. at 49) (internal quotations omitted). The defense of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof,

shifting it to the plaintiff to show that the defense is not available." *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (*en banc*) (quoting *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016)).

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). *See also Melton*, 875 F.3d at 261 (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (*en banc*) ("To satisfy this burden and overcome qualified immunity, the plaintiff must satisfy a two-prong test. First, the plaintiff must show 'that the official violated a statutory or constitutional right.' Second, the plaintiff must show that the right was 'clearly established' at the time of the challenged conduct.") (internal citations omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because Amador and Baby Amador do not show Diamond violated any constitutional right, this case is resolved at the first prong.

"To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized." *Flores v. Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). She must then show she "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force was objectively unreasonable." *Id*.

Diamond contends he is entitled to summary judgment because neither Amador nor Baby Amador can establish more than a *de minimis* injury. In support of his contention, Diamond points to Amador and Ashley Lasoya's ("Ms. Lasoya") depositions and the video evidence. Ms. Lasoya is Baby Amador's mother and was present during the execution of the warrant. In deposition, Amador and Ms. Lasoya each testified that Deputy Herrera, not Deputy Diamond,

physically interacted with Amador and Baby Amador. ECF Nos. 80-2 at 8 (21:9-23); 80-3 at 12 (34:5-25, 37:17-19). None of the children appear to be injured or in distress as they pass by a camera when moving from the living room to a bedroom in the apartment. Video MVI_0261 (living room) at 4:30. In deposition, Ms. Lasoya testified that Baby Amador has bald spots on her head, but these are likely due to the autoimmune disease alopecia. ECF No. 80-3 at 15 (46:24-47:23). She also admitted that Baby Amador has had no emotional suffering from any alleged use of force. *Id*.

A plaintiff asserting an excessive force claim must demonstrate an injury that resulted directly and only from the use of force that was excessive to the need. *Lincoln v. Turner*, 874 F.3d 833, 846 (5th Cir. 2017). "The injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed." *Id*. (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)). In the Fifth Circuit, acute contusions of the wrist, without more, and a sore, bruised ear that lasted three days and did not require medical care do not evidence more than *de minimis* injury. *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005); *Siglar v. Hightower*, 112 F.3d 191, 192 (5th Cir. 1997). A plaintiff's attestation that after an incident with police in which a taser barb lodged in his genitals, he suffered "symptoms of depression, crying episodes, increased sleep, feeling punished, decreased libido, and loss of energy, enjoyment of life, confidence and appetite . . . and erectile disfunction," presented evidence of injuries that were more than *de minimis*. *Casto v. Plaisance*, No. 15-817, 2016 WL 2855468, at *6 (E.D. La. May 16, 2016).

Plaintiffs' second amended complaint ("complaint"), attached to their response to the motion for summary judgment, alleges Amador and Baby Amador suffered pain, physical injury, medical expenses, emotional distress, severe mental anguish, and humiliation. *See* ECF No. 83-1. To defeat a motion for summary judgment, a plaintiff must point to competent summary

judgment evidence[2] that shows there is a genuine dispute for trial. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). In the context of their excessive force claims, this means Amador and Baby Amador must, *inter alia*, point to evidence of an injury that is more than *de minimis*. *Lincoln*, 874 F.3d at 846.

Baby Amador contends that Diamond jumped on her head, kicked her in the head, and stood on her hair "as she yelled and screamed in pain." ECF No. 83 at 6, 10. The evidence presented includes Diamond's deposition testimony that he was certain he did not step on a child's head during the execution of the search warrant. ECF No. 83-5 at 3 (10:12-11:21). Neither Amador nor Ms. Lasoya testified in deposition that any officer jumped on or kicked Baby Amador's head. Ms. Lasoya testified that "the little short" officer stepped on Baby Amador's hair. ECF No. 80-3 at 12, 14 (37:17-19; 42:10-43:4). Ms. Lasoya also testified that the family did not seek medical treatment for Baby Amador on the day the officers executed the warrant or the next day. *Id.* at 13 (38:9-14). And, as noted above, Ms. Lasoya testified that bald spots on Baby Amador's head are likely due to alopecia. *Id.* at 15 (46:24-47:23).

Amador contends that Diamond pointed a gun at him, choked him, handcuffed him, and dragged him from the bedroom to the living room. ECF No. 83 at 6. Amador cites *Darden v. City of Fort Worth*, 880 F.3d 722, 725 (5th Cir. 2018) in support of his argument that "an officer uses excessive force" when the officer points a gun at an unarmed suspect or "strikes, punches, or violently slams a suspect who is not resisting arrest." ECF No. 83 at 10. Notably, the "suspect" in *Darden* suffered an injury. Amador does not point to evidence that he suffered an injury. Rather, Amador contends that Diamond is liable under a theory of direct liability. *Id.* at 4, 8, 10,

---

[2] Competent summary judgment evidence includes depositions, affidavits, and records, such as police reports, body camera footage, or medical records; it does not include mere conclusory allegations or allegations made in pleadings unless the allegations set forth specific facts that establish a genuine dispute "worthy of trial." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

11. However, to overcome Diamond's motion for summary judgment, Amador must demonstrate an injury that is more than *de minimis* and that resulted directly and only from the use of force that was excessive to the need. *See Lincoln*, 874 F.3d at 846; *Flores*, 381 F.3d at 396. Because neither Amador nor Baby Amador point to any evidence of injury, the Court grants summary judgment in favor of Diamond.

**C. Bystander Liability Claims**

Chief Judge Garcia struck and dismissed with prejudice Plaintiffs' bystander liability claims in previous orders in this case. *See* ECF Nos. 28, 38, 60. The bystander liability claims were stricken because Plaintiffs violated Judge Garcia's February 22, 2018 Order prohibiting Plaintiffs from adding new, untimely theories of relief when amending their complaint. *See* ECF Nos. 28; 60 at 5. Plaintiffs' bystander liability claims were dismissed with prejudice for the same reason. Judge Garcia explained:

> The Court's February [2018] Order was issued to avoid prejudice to Defendants after Plaintiffs had failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules during their prior attempts at amendment. Specifically, Plaintiffs had previously tried to amend their complaint on two prior occasions (in November 2017 and December 2017), but had failed to request leave to do so as required at that time under Fed. R. Civ. P. 15 and L. R. CV-7(b). *See* docket nos. 7 & 9. The Court determined that Plaintiffs' amendment should be permitted under Fed. R. Civ. P. 15(a), however, the Court prohibited Plaintiff from adding any completely new theories of relief that were not included in Plaintiffs' previously filed attempts at amendments. *See* docket no. 17 (the "January Order"). The restriction in the January Order was intended to (i) prevent Plaintiffs from being rewarded for their violations (by prohibiting further amendments that may not have been allowed had Plaintiffs complied with the rules), and (ii) prevent prejudice to the Defendants after they had already began responding to Plaintiffs' amended assertions. *See Id*. Thus, after (i) Plaintiffs' FAC added a "bystander liability" theory of relief that was explicitly prohibited by the January Order, and (ii) Plaintiffs misrepresented to the Court that "none of the causes of actions were changed" and "no new claims were added" (*see* docket no. 22 p. 3), the Court issued the February Order, which struck the "bystander liability" portion of the FAC. *See* docket no. 28.

ECF Nos. 38 at 5 n.5; 60 at 5 n.5. Plaintiffs' responses again ignore the Court's previous Orders and attempt to revive the bystander liability claims. ECF Nos. 83 at 3-4, 12-16; 84 at 16-17. Even though Diamond had not been served when the Court dismissed the bystander liability claims in the August 2018 Order, for the reasons recited above, the bystander liability claims were dismissed as to all defendants. ECF No. 38 at 17-18, 41. Moreover, nothing in the Court's previous Orders indicate the bystander liability claims remained live as to Defendant Diamond. Accordingly, Plaintiffs' bystander liability claims are dismissed as to all Defendants.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants Laurence Diamond and Brian Wolfe and Manuel Herrera motions for summary judgment (ECF Nos. 80, 81). This ruling disposes of all claims asserted in the operative complaint against Defendants Laurence Diamond, Brian Wolfe, and Manuel Herrera. Because all other claims in this action were previously dismissed, the Court issues a final judgment pursuant to Fed. R. Civ. P. 58 contemporaneously with this Order.

SIGNED this 17th day of July 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE